## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

```
*********************************
CHESONIS ENTERPRISES, LTD and          )
NATIONAL UNION FIRE INSURANCE          )
COMPANY of PITTSBURGH, PA., as         )
subrogee of CHESONIS ENTERPRISES, LTD. )    CIVIL ACTION NO
                       Plaintiffs      )
                                       )
vs.                                    )
                                       )
EAST COMMERCIAL WHARF LTD              )
PARTNERSHIP d/b/a BOSTON               )
YACHT HAVEN  a/k/a BOSTON              )
BOAT BASIN, LLC                        )
                       Defendant       )
*********************************
```

### PLAINTIFFS' COMPLAINT

NOW COME the Plaintiffs, Chesonis Enterprises, Ltd. and National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "National Union"), by and through their undersigned attorneys, Holbrook & Murphy, and assert this Complaint against the Defendant, East Commercial Wharf Ltd. Partnership d/b/a Boston Yacht Haven, a/k/a Boston Boat Basin, LLC ("Boston Yacht Haven"), as follows:

1. This is a case of admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material hereto, the Plaintiff, Chesonis Enterprises, Ltd., was the owner of a 1993, 130' Christiansen motor yacht, M/V SWEET ESCAPE.

3. At all times material hereto, Captain Paulo Guedes, was the captain of a 1993, 130' Christiansen motor yacht, M/V SWEET ESCAPE. M/V SWEET ESCAPE is a for-hire charter yacht at a price of $90,000 to $95,000 per week.

4. At all times material hereto, Defendant, owned and / or operated Boston Yacht Haven with its principal place of business located at 87 Commercial Wharf, Boston, Massachusetts 02110. To the extent Boston Yacht Haven was not owned or operated by Defendant, Boston Boat Basin LLC owned or operated Boston Yacht Haven.

5. At all times material hereto, Plaintiffs Chesonis Enterprises, Ltd. and the M/V SWEET ESCAPE were insured by National Union, a foreign corporation, for various marine risks.

6. At all times material hereto, Defendant, Boston Yacht Haven provided marina and dockside services, including in-slip fueling.

7. On or about January 1, 2011, RPM Diesel of Ft. Lauderdale, Florida replaced the injectors on the M/V SWEET ESCAPE. A subsequent sea trail test was completed without incident.

8. On or about May 13, 2011, Leon's Marine Service of Ft. Lauderdale, Florida flushed and cleaned the fuel tanks.

9. On or about April 15, 2011, to September 9, 2011, M/V SWEET ESCAPE took on and burned at least 23,000 gallons of fuel without issue before and during the trip from Ft. Lauderdale, Florida to Boston, Massachusetts.

10. On or about September 9, 2011, Captain Paulo Guedes, as the agent of the M/V SWEET ESCAPE, entered into an agreement to purchase diesel fuel while moored at Boston Yacht Haven. The fuel was sold by and payment was made through Boston Yacht Haven.

11. On or about September 9, 2011, fuel was delivered to M/V SWEET ESCAPE tanks

2, 3 and 4, by an entity acting for, or on behalf, of Boston Yacht Haven.

12. On or about September 11, 2011, the M/V SWEET ESCAPE departed from Boston, Massachusetts for Ft. Lauderdale, Florida using fuel from tank 1, not filled by the Defendant or its agents or representatives. The vessel steamed for 30 hours at 10-11 knots at an average of 1500 to 1600 RMP without incident.

13. On or about September 13, the day tanks of the vessel were filled with fuel from tanks 3 and 4, those filled by the Defendant or its agents or representatives.

14. On or about September 13, the fuel from tanks 3 and 4 damaged the generating equipment and main engines of the M/V SWEET ESCAPE, thereby endangering the vessel and her crew. Because of the danger, the vessel made for the closest port, Beaufort/ Moorehead City, North Carolina, incurring towing costs and other expenses and losses as will be shown at trial.

## COUNT I

### (Negligence against Boston Yacht Haven)

15. The Plaintiffs reiterate all of the allegations set forth in Paragraphs one (1) through sixteen (16), inclusive, and incorporate the same as if fully set out herein.

16. Due to the introduction of the improper and / or contaminated fuel to the M/V SWEET ESCAPE, the vessel sustained extensive damage and was forced to change course for shore resulting in a loss of charter hires and a loss of income.

17. As a further result, Chesonis Enterprises, Ltd. incurred costs for repair and storage of the vessel and other expenses as well as loss of income and loss of charter hires.

18. As a further result, National Union, paid various sums and incurred expenses to Chesonis Enterprises, Ltd. for these damages, pursuant to the insurance policy it had

issued.

19. The damage to the M/V SWEET ESCAPE was caused by Boston Yacht Haven's failure to exercise due care by providing improper and / or contaminated fuel to the M/V SWEET ESCAPE and other negligence will be shown at trial.

## COUNT II

### (Breach of Warranty of Workmanlike Performance against Boston Yacht Haven)

20. The Plaintiffs reiterate all of the allegations set forth in Paragraphs one (1) through nineteen (19), inclusive, and incorporate the same as if fully set out herein.

21. In undertaking to perform services to provide diesel fuel to the M/V SWEET ESCAPE, Boston Yacht Haven warranted that it would do so in a workmanlike fashion.

22. In failing to provide the clean and uncontaminated and proper type of fuel to the vessel, Boston Yacht Haven failed to perform in a workmanlike manner.

23. As a result of its failure to perform the service properly with the appropriate fuel, the Plaintiffs sustained damages for which defendant is liable, as set forth above.

## COUNT III

### (Breach of Contract against Boston Yacht Haven)

24. The Plaintiffs reiterate all of the allegations set forth in Paragraphs one (1) through twenty-three (23), inclusive, and incorporate the same as if fully set out herein.

25. On or about September 9, 2011, Captain Paulo Guedes and the Defendants entered into an agreement whereby the Defendant agreed to provide appropriate diesel fuel

for the M/V SWEET ESCAPE.

26. Captain Paulo Guedes, and his crew, as the agents for Chesonis Enterprises, Ltd. performed all of the conditions, covenants and promises required by him to be performed in accordance with the terms and conditions of the contract and those included in 33 CFR 156.150 by *inter alia*; having the vessel inspected by the Person in charge of the transfer of liquid cargo prior to the diesel fuel delivery, and conferring payment of $20,848.79 after receipt of the invoice from Boston Yacht Haven.

27. Boston Yacht Haven breached this agreement by failing to provide appropriate diesel fuel for the M/V SWEET ESCAPE.

28. As a result of Boston Yacht Haven breaching its agreement, on or about September 13, 2011, the generating equipment and main engines of the M/V SWEET ESCAPE were exposed to the contaminated fuel and the vessel sustained extensive damage. Further, as a result of the breach the vessel had to change course for shore thus creating a loss of charter hire and loss of income, and Plaintiffs incurred towing costs and other expenses and losses as will be shown at trial.

WHEREFORE, the Plaintiffs, Chesonis Enterprises, Ltd. and National Union, pray that this Honorable Court determine the following:

1. The extent of the damages caused by the negligence, breach of contract, and/or breach of the implied warranty of workmanlike performance by Boston Yacht Haven and award the same to Chesonis Enterprises, Ltd. and National Union,

2. Such other relief as this Court may determine.

...

The plaintiffs,

By their attorney,

/s/ Seth S. Holbrook
Seth S. Holbrook (BBO No. 237850)
HOLBROOK & MURPHY
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com
sholbrook@holbrookmurphy.com